IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX HOWARD,

   Plaintiff,

    v.

INTOWN SUITES MANAGEMENT, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-759-TWT

OPINION AND ORDER

This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 154] of the Magistrate Judge recommending denying the Defendants' Motion for Summary Judgment [Doc. 104]. The Defendants object to the Report and Recommendation on two grounds. The first is that the Magistrate Judge should not have applied equitable tolling to save the Plaintiff's case from the statute of limitations. The second is that the Magistrate Judge erred in finding direct evidence of discrimination. The Report and Recommendation is thorough and well reasoned. But, after careful consideration, the Court agrees with the Defendants that this action is barred by the statute of limitations.

The Plaintiff makes a strong case that the Defendants discriminated against blacks in hiring property managers. He asserts claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The Plaintiff interviewed for a property manager position in January or February of 2001. He was not called back for a second interview with the Defendants' chief operating officer and was not hired. The position that he applied for was filled in March 2001 by a white male. In August 2003, the Plaintiff was contacted by some sort of investigator about being a witness in the case of a former employee of the Defendants. He was later contacted by an attorney for the former employee. The attorney told the Plaintiff that he might have a lawsuit because of discrimination in hiring. The Plaintiff filed his EEOC charge in November 2003. This lawsuit was filed on March 17, 2004.

The Magistrate Judge correctly held that the section 1981 claim is subject to a two year statute of limitations. The Title VII claim is subject to a 180 day statute of limitations. The Magistrate Judge held that the section 1981 statute of limitations was subject to "equitable modification," and the Title VII claim was subject to "equitable tolling." He relied upon the Eleventh Circuit decision in <u>Calhoun v. Alabama Alcoholic Beverage Control Bd.</u>, 705 F.2d 422 (11th Cir. 1983). In that case, the court held:

> We agree with the Calhouns that the district court should not have dismissed the complaint. In reaching this conclusion, "we apply the

> familiar equitable modification to statutes of limitation: the statute does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." The Calhouns alleged that the facts which supported their cause of action, i.e., the evidence of racial discrimination, were not apparent, and would not have been apparent to a reasonably prudent person, until appellees' granted liquor and beer licenses for the exact same location to a white couple.

Id. at 425 (quoting Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 930 (5th Cir. 1975)). Thus, the case can be read as authority for tolling the statute of limitations until the potential plaintiff is or should be aware of evidence of discrimination.

The Defendants rely upon other Eleventh Circuit cases which apply equitable tolling much more narrowly. For example, in Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999), the court said:

> Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.

Id. at 1271. Recently, in Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005), the court cited Sandvik and its requirement of "extraordinary circumstances." It then held:

> [E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her, as is the case here. Additionally, in order to apply equitable

tolling, "courts usually require some affirmative misconduct, such as deliberate concealment."

Id. at 1155 (quoting Arce v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005)).  In this case, the Defendants did nothing to mislead the Plaintiff; and the Plaintiff could easily have discovered the wrong by calling the Defendants and asking if the person who was hired was of a different race.  Instead, the Plaintiff did nothing for over two years.  The Plaintiff has failed to meet his burden of showing extraordinary circumstances.

A broad reading of Calhoun – broad enough to cover the facts of this case – eviscerates the statute of limitations in employment discrimination cases.  In all but the most egregious cases, the potential plaintiff will be able to say that he or she did not know the true motivation for the adverse employment act until long after the fact.  In Title VII cases, the 180 day limitation would be meaningless.  The EEOC would find itself – as in this case – investigating events from years ago instead of within the last six months.  Congress had good reasons for establishing a relatively short statute of limitations in these types of cases.  As the Seventh Circuit has said:

> Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose. The statute of limitations is short in age discrimination cases as in most employment cases because delay in the bringing of suit runs up the employer's potential liability; every day is one more day of backpay entitlements. We should not trivialize the statute of limitations by promiscuous application of tolling doctrines.

Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-53 (7th Cir. 1990); see also Arce, 400 F.3d at 1347.

     This is not an appropriate case for equitable tolling.  The Plaintiff failed to act with due diligence.  The Defendants made no misrepresentations that hindered him from learning of its discrimination against him.  The Court declines to adopt the portion of the Report and Recommendation regarding the statute of limitations.  Otherwise, the Court approves and adopts the Report and Recommendation as the judgment of the Court.  The Defendants' Motion for Summary Judgment [Doc. 104] is GRANTED.

     SO ORDERED, this 17 day of March, 2006.


                         /s/Thomas W. Thrash
                         THOMAS W. THRASH, JR.
                         United States District Judge